Kenneth Wayne CAMPBELL,
Appellant,

v.

The STATE of Texas, Appellee.

No. 01–04–00758–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 12, 2006.

Michael Lakeith Glover, Brookshire, TX, for Appellant.

Karli Gayle Illich, Daniel W. Leedy, Asst. Crim. Dist. Attys., Bellville, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

TIM TAFT, Justice.

A jury convicted appellant, Kenneth Wayne Campbell, of aggravated sexual assault of a child by sexual contact and assessed his punishment at 75 years in prison and a fine of $5,000. *See* TEX. PEN.CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B) (Vernon Supp.2005). We determine (1) whether the trial court erred by granting the State's motion to amend the indictment; (2) whether the trial court's error in not sequestering the jury over appellant's objection was harmful; and (3) whether the evidence was legally and factually sufficient to show that appellant penetrated the female organ of the complainant. We affirm.

## Background

Appellant was initially charged in Count I of the indictment with aggravated sexual assault that occurred on July 25, 2001. The State then filed a motion to amend indictment, adding Count II, which alleged indecency with a child by sexual contact that occurred on April 21, 2004. The State's certificate of service for the motion indicated that the State had hand-delivered the motion to amend to counsel for

appellant on April 20, 2004. On June 1, 2004, after voir dire and the swearing in of the jury, appellant objected to the amended indictment. Appellant claimed that the indictment had been amended ex parte, that it had not been entered and docketed, and that there had not been a hearing. Furthermore, appellant claimed that, on the day of trial (June 1, 2004), the trial court's file had only Count I docketed and entered. The trial court overruled appellant's objection and allowed trial on both counts.

During cross-examination, appellant asked the complainant several questions regarding the sexual assault, to which she gave rather vague answers pertaining to the issue of penetration. The next day, a videotape was introduced and admitted as State's exhibit number 4 without any objection from appellant. The videotape contained an interview, conducted on May 3, 2001, of the complainant at a child advocacy center. During the interview, the complainant used anatomically correct dolls to explain how appellant had penetrated her sexual organ with his.

When jury deliberations had not been completed by five o'clock for the guilt–innocence phase of the trial, the trial court allowed the jury to leave and return the next day over appellant's objection and request to sequester the jury. The jury returned the next day and, after a few hours of deliberations, returned with a verdict.

### Indictment Amendment

■ In his first point of error, appellant contends that the trial court erred in allowing the State to amend the indictment on the day of trial and in failing to grant

appellant's motion for a 10–day continuance. Appellant relies upon article 28.10, sections (a) and (b) of the Code of Criminal Procedure,[1] which provide:

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

Tex.Code Crim. Proc. Ann. art. 28.10(a), (b) (Vernon 2005).

Appellant's argument is based on the false premise that the indictment was not amended until the day of trial. The record shows that the State filed its motion to amend on April 21, 2004; that the trial court granted the motion on April 28, 2004; that the clerk of the court sent counsel for appellant a certified copy of the motion to amend and the order on April 30, 2004; and that trial began on June 1, 2004. Amendment was thus accomplished a full month before trial. Therefore, appellant's contention that the indictment was not amended until the day of trial, thereby depriving appellant of his right to have 10 days to respond to the amended indictment, is simply not supported by the record.

Accordingly, we overrule appellant's first point of error.

---

1. Appellant does not rely upon article 28.10(c) on appeal, nor did he do so at trial. Article 28.10(c) prohibits the State from amending an indictment or information, over the objection of the defendant, if the amended indict-

ment charges the defendant with an additional or different offense, as it did here. Tex. Code Crim. Proc. Ann. art. 28.10(c) (Vernon 2005).

### Refusal to Sequester the Jury

█ In his second point of error, appellant contends that the trial court erred by permitting the jurors to separate over appellant's objection after the trial court had read the charge to the jury at the guilt–innocence stage of the trial. The State concedes error, and our focus is thus upon whether the error was harmless or harmful.

Appellant's brief asks this Court to find that the violation of the mandatory provision requires reversal, relying upon *Hood v. State*, 828 S.W.2d 87 (Tex.App.-Austin 1992, no pet.). In *Hood*, the Third Court of Appeals held, as alternative holdings, that error in allowing the jury to separate over objection of the defendant was either automatically reversible error, not subject to a harmless-error analysis, or was harmless error under an application of the then-applicable harmless-error standard of former Rule of Appellant Procedure 81(b)(2). *See Hood*, 828 S.W.2d at 96; *see also* TEX.R.APP. P. 81(b)(2), 707–708 S.W.2d (Tex.Cases) LXXX (Tex.Crim.App.1986, superseded 1997) [hereinafter "former rule 81(b)(2)"] ("If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment."). The State responds that the error here is non-structural constitutional error that is subject to a harmless-error analysis under Texas Rule of Appellate Procedure 44.2(a). *See* TEX.R.APP. P. 44.2(a) ("If the appellate record in a criminal case reveals *constitutional error that is subject to harmless error review, the court of appeals must* reverse *a* judgment *of conviction or punishment* unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.") (Empha-

sis added to show difference from former rule 81(b)(2) standard.) We disagree with both appellant and the State.

In regard to appellant's reliance on *Hood*, we note the reliance of the majority in *Hood* on cases such as *Sodipo v. State*, 815 S.W.2d 551 (Tex.Crim.App.1991), in which the Court of Criminal Appeals found that certain error was not subject to a harmless-error analysis. *See Hood*, 828 S.W.2d at 94–96. These cases have been severely undermined by *Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App.1997), in which the Court of Criminal Appeals held that, "[e]xcept for certain federal constitutional errors labeled by the Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." *Id.* at 264. *Cain* provides support for the concurring opinion in *Hood* that would allow a harmless-error analysis with the confident expectation that, if such an analysis were not feasible, the error would be found harmful. *See Hood*, 828 S.W.2d at 96 (Jones, J., concurring). It is noteworthy that the Second Court of Appeals followed the concurring opinion in *Hood*, construing *Hood* to allow a harmless-error analysis if there existed a record from which one could be conducted. *See Jackson v. State*, 931 S.W.2d 46, 47–48 (Tex. App.-Fort Worth 1996, no pet.); *Sanchez v. State*, 906 S.W.2d 176, 179 (Tex.App.-Fort Worth 1995, pet. ref'd). Indeed, the concurring justice in *Hood* noted a certain lack of confidence in the *Hood* majority's holding that violations of article 35.23 were not subject to a harmless-error analysis, which lack of confidence was exhibited by the majority's proceeding to conduct a harmless-error analysis anyway. *Hood*, 828 S.W.2d at 96 (Jones, J., concurring).

*Hood* is anachronistic for a second reason, namely, its use of former rule 81(b)(2)

as the harmless-error standard. Former rule 81(b)(2) was replaced in 1997 with rule 44.2, which provides separate harmless-error analyses for constitutional and non-constitutional errors. *See* TEX.R.APP. P. 44.2(a), (b). *Hood* is correct, however, in its chronicling the long history of the Court of Criminal Appeals in construing statutes concerning sequestration of jurors as mandatory. *See Hood,* 828 S.W.2d at 93; *see also Skillern v. State,* 559 S.W.2d 828, 830–32 (Tex.Crim.App.1977) (Onion, P.J., concurring). When jurors were not sequestered as required by the statutes, a rebuttable presumption of harm arose, and it was incumbent on the State to show that separated jurors did not converse with anyone about the case. *Skillern,* 559 S.W.2d at 831. However, the cases such as *Skillern,* on which the *Hood* court relied, were decided under former rule 81(b)(2), which had only one harm standard. In contrast, current rule 44.2 has two harm standards: one applicable to constitutional errors, and the other to "other error." *See* TEX.R.APP. P. 44.2. It is under rule 44.2 that we must now analyze the error in failing to sequester a jury.

The error in failing to sequester a jury is a violation of a statute; it is not a constitutional mandate, contrary to the State's position. Violating a statutory mandate to sequester a jury should now, therefore, be governed by rule 44.2(b) of the Texas Rules of Appellate Procedure. *See Rojas v. State,* 986 S.W.2d 241, 252 (Tex.Crim.App.1998) (Keller, J., concurring); *Chavez v. State,* 134 S.W.3d 244, 245–46 (Tex.App.-Amarillo 2003, pet. ref'd); *Casias v. State,* 36 S.W.3d 897, 900 (Tex.App.-Austin 2001, no pet.); *see also Thompson v. State,* 95 S.W.3d 537, 542 (Tex.App.-Houston [1st Dist.] 2002, no pet.) ("Constitutional error within the

meaning of rule 44.2(a) is an error that directly offends the United States or Texas Constitution, without regard to any statute or rule that might also apply. That is, an error is constitutional only if the correct ruling was constitutionally required.") (citations omitted). Rule 44.2(b) provides that any other error (other than constitutional error), defect, irregularity, or variance that does not affect substantial rights must be disregarded. TEX.R.APP. P. 44.2(b).

■ Here, the record shows that the trial court admonished the jurors, prior to their separation overnight, that it was extremely important that they remember the court's instructions that there be absolutely no communications or conversations concerning the case. Nothing in the record shows that any juror failed to obey the trial court's instructions. Indeed, nothing in the record shows any harm at all. Under these circumstances, we hold that the trial court's error in allowing the jury to separate, over appellant's request for sequestration, during jury deliberations was harmless. *See Rojas,* 986 S.W.2d at 252 (Keller, J., concurring); *see also* TEX.R.APP. P. 44.2(b).

Accordingly, we overrule appellant's second point of error.

### Sufficiency of the Evidence

■ In his third point of error, appellant contends that the evidence is legally and factually insufficient to support the jury's implicit finding that he penetrated the female organ of the complainant.[2]

### A. Standards of Review

■ In reviewing the legal sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict

---

**2.** Appellant cites authority for a legal sufficiency challenge, but requests relief afforded

for factual insufficiency. Accordingly, we address both legal and factual sufficiency.

and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Berrett v. State*, 152 S.W.3d 600, 604 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd). In reviewing a factual-sufficiency challenge, we ask "whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). The factual-sufficiency standard "acknowledges that evidence of guilt can 'preponderate' in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt." *Zuniga v. State*, 144 S.W.3d 477, 485 (Tex. Crim.App.2004). Under either type of sufficiency review, the appellate court should not substitute its own judgment for that of the fact finder. *Jones v. State*, 944 S.W.2d 642, 648 (Tex.Crim.App.1996). The fact finder is entitled to believe all, some, or none of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986).

### B. The Law

■■■■ A person commits aggravated sexual assault of a child if, among other things, he intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means. Tex. Pen.Code Ann. § 22.021(a)(1)(B)(i), (iii) (Vernon Supp.2005). The State may prove penetration by circumstantial evidence. *Villalon v. State*, 791 S.W.2d 130, 133 (Tex. Crim.App.1990). Evidence of the slightest penetration is sufficient to uphold a conviction, so long as it has been shown beyond a reasonable doubt. *Luna v. State*, 515 S.W.2d 271, 273 (Tex.Crim.App.1974).

### C. Penetration

Appellant argues that the complainant's own testimony does not support the jury's verdict that penetration occurred. More specifically, appellant states that "[t]he complainant testified that her clothes remained on the entire time, and she did not testify that the appellant put his penis inside of her body, nor did she testify that his penis was inside of her clothing."

The evidence of the videotape introduced during the trial as State's exhibit number 4 shows a forensic interviewer asking the complainant about the sexual assault. During the interview, the complainant described several times how penetration had occurred. The complainant not only answered questions about the penetration, but also used anatomically correct dolls to demonstrate the areas affected and the motions performed. Although there might have been a conflict in the evidence between the testimony and the videotape, the jury was entitled to believe the more specific statements of the complainant during the interview, rather than her vaguer trial testimony. Accordingly, we reject appellant's legal-sufficiency challenge.

Appellant makes no further argument in support of a separate challenge to the factual sufficiency of the evidence. Because the jury was entitled to resolve any conflict between the complainant's testimony and her statements during the videotaped interview, we hold that the evidence was also factually sufficient to prove penetration.

We overrule point of error three.

### Conclusion

We affirm the judgment of the trial court.