NO.
12-06-00264-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JESSE ROBERT PROCTOR,         §          APPEAL FROM THE 420TH

APPELLANT

 

V.        §          JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          NACOGDOCHES
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Jesse
Robert Proctor appeals his convictions for two counts of aggravated sexual
assault of a child, for which he was sentenced to imprisonment for fifteen
years for the first count and thirty years for the second count with the
sentences to be served concurrently.  In
six issues, Appellant contends that the trial court erred in admitting evidence
of an extraneous offense and that the evidence is neither legally nor factually
sufficient to support his convictions. 
We affirm.

 

Background

            C.P.
and his wife, A.A., are the parents of B.A., and Appellant is C.P.’s
cousin.  When B.A. was two years old,
Appellant traveled to Nacogdoches to visit C.P. and A.A.  Rather than have Appellant return home that
night, C.P. and A.A. invited him to sleep in the bedroom of an older child who
was not at home. After C.P. went to bed, Appellant and A.A. traveled to San
Augustine, returned to Nacogdoches, and stayed up “talking” a while
longer.  A.A. stated that she went to bed
at approximately 3:00 a.m., and at that time, she believed Appellant was in the
older child’s bedroom watching television.

 








            A.A.
got up at 5:00 a.m.  When A.A. walked by
B.A.’s room, she saw that Appellant was in B.A.’s toddler bed.[1]  Concerned by what she saw, A.A. got C.P., and
they went into B.A.’s room.  There, they
observed Appellant lying on his side behind B.A., who also was lying on her
side.  B.A. was crying softly.  Appellant was in his boxer shorts with part
of his penis exposed.  B.A.’s nightshirt
was pulled up above her waist, and her panties were moved to the side.  C.P. confronted Appellant and told him to
leave the apartment.  Appellant told C.P.
that he did not know what was going on and did not know why he was in B.A.’s
bed.  C.P. escorted Appellant to the
other bedroom before going to work. 
Appellant then gathered his personal items and left the apartment.

            After
Appellant left, A.A. asked B.A. what had happened.  B.A. said that Appellant[2] had “gotten in
the bed with her and was touching her.” 
B.A. further said that her tee-tee hurt and pointed to her anus. [3]  Finally, B.A. said that Appellant had touched
her tee-tee and again pointed to her anus. 
A.A. then examined B.A.’s anus and saw that it was very red. B.A.’s
parents took her to the police station in Nacogdoches where they discussed what
had occurred with Detective Ryan Ball. 
Ball did not interview B.A. at that time.  Because the Nacogdoches hospital did not have
a sexual assault nurse examiner, Ball referred C.P. and A.A. to a hospital in
Lufkin.

            C.P.
and A.A. took B.A. to Memorial Health System of East Texas in Lufkin where B.A.
was interviewed by Norma Sanford, a sexual assault nurse examiner. B.A. was not
able to tell Sanford what had happened to her. 
Sanford conducted a sexual assault examination of B.A. and noted that
B.A. had a bright red discoloration of the skin surrounding the anal
opening.  While there was no tearing
around the anus, Sanford stated that it is possible for a child’s anus to be
penetrated without any tearing.  She
further stated that the redness around B.A.’s anus was consistent with someone
having rubbed or touched her anus. 
Although Sanford stated that the redness could have been caused

by a lack of hygiene, she did not
see any such evidence during her examination.

            Appellant
was charged by indictment with two counts of aggravated sexual assault of a
child.[4]  In count one, the State alleged that
Appellant intentionally and knowingly caused the anus of B.A. to contact the
sexual organ of Appellant.  In count two,
the State alleged that Appellant intentionally and knowingly caused the
penetration of the anus of B.A. by placing his sexual organ, his finger, or an
unknown object in the anus of B.A.  The
case proceeded to trial.  During trial,
C.P. testified that in the apartment on the date of the incident, Appellant
said that he did not know what was going on or why he was in B.A.’s bed.  Later, over Appellant’s objection, the State
offered testimony from W.K. that when she was eleven years old, Appellant
touched her inappropriately on two different occasions.  She testified further that as a result of
this touching, Appellant was convicted of indecency with a child and received
probation.  Appellant also testified.  During his direct testimony, he denied
touching W.K.  The State cross examined
him about his written statement describing the incidents with W.K. and his
subsequent indecency conviction.  

            At
the conclusion of the trial, the jury found Appellant guilty of both counts of
aggravated sexual assault of a child as charged in the indictment. The jury
assessed his punishment at fifteen years of imprisonment for count one and
thirty years of imprisonment for count two. 
The trial court sentenced Appellant accordingly, and ordered that the
sentences be served concurrently.  This
appeal followed. 

 

Extraneous Offense

            In
his first and second issues, Appellant argues that the trial court erred in
allowing evidence of an extraneous offense. 
He contends that the evidence was inadmissible under Texas Rules of
Evidence 404(b) and 403.

Standard of Review

            A
trial court’s decision to admit or exclude evidence is reviewed under an abuse
of discretion standard.  Rodriguez
v. State, 203 S.W.3d 837, 841 (Tex. Crim. App. 2006); Montgomery
v. State, 810 S.W.2d 372, 390-91 (Tex. Crim. App. 1990).  The trial court is in the best position to
decide questions of admissibility, and we will uphold a trial court’s decision
to admit or exclude evidence if it is “within the zone of reasonable
disagreement.”  Rodriguez,
203 S.W.3d at 841.  A determination is
beyond the zone of reasonable disagreement if by no reasonable perception of
common experience could it be concluded that the proffered evidence had a
tendency to make the existence of a fact of consequence more or less probable
than it would be otherwise.  Montgomery,
810 S.W.2d at 391.

Applicable Law

            To
be admissible, evidence must be relevant. Tex.
R. Evid. 402.  Evidence that is
not relevant is inadmissible. Id.   “Relevant evidence” means evidence having
any tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be
without the evidence.  Tex. R. Evid. 401.  The court of criminal appeals has explained
the relevancy inquiry necessary under Rule 404(b) of the Texas Rules of
Evidence as follows:

 

Under Montgomery,
then, it appears that “fact of consequence” includes either an elemental fact
or an evidentiary fact from which an elemental fact can be inferred.  An evidentiary fact that stands wholly
unconnected to an elemental fact, however, is not a “fact of consequence.”  A court that articulates the relevancy of
evidence to an evidentiary fact but does not, in any way, draw the inference to
an elemental fact has not completed the necessary relevancy inquiry because it
has not shown how the evidence makes a “fact of consequence” in the case more
or less likely.

 

 

Rankin v. State, 974
S.W.2d 707, 709-10 (Tex. Crim. App. 1996).

            Evidence
of character to prove conduct conforming to that character is relevant. Gilbert
v. State, 808 S.W.2d 467, 471 n.4 (Tex. Crim. App. 1991). However, Rule
404(b) prohibits the introduction of “[e]vidence of other crimes, wrongs, or
acts . . . to prove the character of a person in order to show action in
conformity therewith.”  Tex. R. Evid. 404(b). Extraneous
offense evidence may be admissible for other purposes, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident. Id.  
The court of criminal appeals, noting that it is probably “better to be
consistent than right,” has held that “a simple plea of not guilty does not
make issues such as intent relevant issues of consequence for . . . Rule 404(b)
purposes. . . .”  Robbins v. State,
88 S.W.3d 256, 261 (Tex. Crim. App. 2002). 
But cross examination of the State’s witnesses or presentation of
various defensive theories can place intent at issue.  Id.; see also Lane v.
State, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996).

            If
the trial court determines that the evidence of extraneous offenses is
admissible, the court must conduct a balancing test to determine if the probative
value of the evidence is substantially outweighed by one or more dangers.  See Rodriguez, 203
S.W.3d at 843.  Factors to be considered
in making this determination include the probative value of the evidence, the
potential the other crimes, wrongs, or acts have to impress the jury in some
irrational but indelible way, the time needed to develop the evidence, and the
proponent’s need for the evidence.  Id;
see also Tex. R. Evid. 403.

Application

            At
trial, C.P. testified that in the apartment on the date of the incident,
Appellant said he did not know what was going on or why he was in B.A.’s
bed.  Over Appellant’s objection, the
State later presented the testimony of W.K., who testified about two incidents
in which Appellant had touched her inappropriately.  She testified further that these incidents
resulted in Appellant’s being convicted of indecency with a child.  Appellant urges that the admission of W.K.’s
testimony was reversible error.  The
State contends that the statement recounted by C.P. raised the issue of intent
and absence of mistake or accident. While more than a plea of not guilty, we
are not convinced that this out of court statement is enough to place Appellant’s
intent at issue for Rule 404(b) purposes. 
See Robbins, 88 S.W.3d at 261.  However, we need not decide whether the trial
court’s ruling was error because a determination that error occurred is only
one part of the analysis.  

            The
erroneous admission of extraneous offense evidence is nonconstitutional error. Coleman
v. State, 188 S.W.3d 708, 726 (Tex. App.–Tyler 2005, pet. ref’d), cert.
denied, __ U.S. __, 127 S. Ct. 502, 166 L. Ed. 2d 376 (2006). A
nonconstitutional error that does not affect the substantial rights of the
defendant must be disregarded.  Tex. R. App. P. 44.2(b).  A substantial right is affected when the
error had a substantial and injurious influence on the conviction or
punishment. See King v. State, 953 S.W.2d 266, 271 (Tex.
Crim. App. 1997).  It is well established
that the improper admission of evidence is not harmful error if the same facts
are proved by other properly admitted evidence. 
See McNac v. State, 215 S.W.3d 420, 424-25 (Tex. Crim.
App. 2007); Brooks v. State, 990 S.W.2d 278, 287 (Tex. Crim. App.
1999); Anderson v. State, 717 S.W.2d 622, 628 (Tex. Crim. App.
1986).

            W.K.
testified that Appellant touched her on two different occasions, once under her
shirt and once under her pants.  As a
result, Appellant was convicted of indecency with a child. Then Appellant
testified.  During his direct testimony,
Appellant testified that W.K.’s testimony was incorrect because “[n]othing
happened” with her.  The State then cross
examined him about the indecency conviction. 
Appellant acknowledged that he wrote a statement admitting that he
touched W.K. on two occasions, once under her shirt and once in “the front of
her panties.” He also testified that his statement was forced and that it was
not true. Appellant did not object to the State’s cross examination and does
not argue here  that any of his testimony
elicited during the State’s cross examination was inadmissible.  Thus, even if the trial court erred in
admitting W.K.’s testimony about the extraneous offense, the error is harmless
because Appellant provided essentially the same information through his own
testimony.[5]
Appellant’s first and second issues are overruled.

 

Evidentiary Sufficiency

            In his third, fourth, fifth, and
sixth issues, Appellant argues that the evidence is neither legally nor
factually sufficient to support the convictions.  Specifically, Appellant argues that no
witness testified and no medical evidence established that he caused B.A.’s
anus to contact his sexual organ or caused the penetration of B.A.’s anus.  

Legal
Sufficiency

            Legal sufficiency is the
constitutional minimum required by the Due Process Clause of the Fourteenth
Amendment to sustain a criminal conviction. 
Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781,
2786-87, 61 L. Ed. 2d 560 (1979); Escobedo v. State, 6 S.W.3d 1,
6 (Tex. App.–San Antonio 1999, pet. ref’d). 
The standard for reviewing a legal sufficiency challenge is whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Johnson v.  State, 871 S.W.2d 183, 186 (Tex.
Crim. App. 1993).  The evidence is
examined in the light most favorable to the jury’s verdict.  Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Johnson, 871 S.W.2d at 186.  A successful legal sufficiency challenge will
result in rendition of an acquittal by the reviewing court.  See Tibbs v. Florida, 457 U.S.
31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

            The sufficiency of the evidence is
measured against the elements of the offense as defined by a hypothetically
correct jury charge.  Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge would include one that “accurately
sets out the law, is authorized by the indictment, does not unnecessarily
increase the State’s burden of proof or unnecessarily restrict the State’s
theories of liability, and adequately describes the particular offense for
which the defendant was tried.”  Id.

            As to count one, as alleged in the
indictment, the State was required to prove that Appellant intentionally or
knowingly caused the anus of B.A., a child fourteen years of age or younger and
not the spouse of Appellant, to contact the sexual organ of Appellant.  See
Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2007).  As to count two, as alleged in the
indictment, the State was required to prove that Appellant intentionally or
knowingly caused the penetration of the anus of B.A., a child fourteen years of
age or younger and not the spouse of Appellant, by placing his sexual organ,
finger, or an unknown object in the anus of the child.  See Tex.
Penal Code Ann. § 22.021 (Vernon Supp. 2007).

            The state may prove penetration by
circumstantial evidence.  Villalon
v. State, 791 S.W.2d 130, 133 (Tex. Crim. App. 1990); Campbell v.
State, 189 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2006, no
pet.).  The slightest penetration is
sufficient evidence to support a conviction so long as the penetration has been
shown beyond a reasonable doubt.  Luna
v. State, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974); Campbell,
189 S.W.3d at 827; Murphy v. State, 4 S.W.3d 926, 929 (Tex. Crim.
App.–Waco 1999, pet. ref’d).

            Here, Appellant was found in the bed
of B.A., a two year old.  Appellant’s
penis was exposed, and B.A.’s nightshirt was pulled above her waist and her
panties moved to the side.  Appellant was
found lying directly behind B.A.  B.A.
told her mother that Appellant had touched her and had hurt her.  B.A. claimed that Appellant had touched her “tee-tee”
and pointed to her anus.  Further,
Sanford, a sexual assault nurse examiner, examined B.A. and testified that her
anus was red.  Sanford stated that the
redness was consistent with someone having rubbed or touched B.A.’s anus.  She also testified that B.A.’s anus could
have been penetrated even though there was no tearing.

            As to evidence of touching, B.A.’s
comments to her mother indicate that Appellant was touching her anus.  Because Appellant was found lying behind B.A.
with his penis partially exposed, the evidence is legally sufficient to support
a conviction as to count one.  As to
count two, the evidence of penetration is solely circumstantial. However,
circumstantial evidence of penetration is sufficient so long as it proves
penetration beyond a reasonable doubt.  See
Murphy, 4 S.W.3d at 929.  B.A.’s
comment that Appellant hurt her along with B.A.’s anus being red is
circumstantial evidence that, when viewed in the light most favorable to the
jury’s verdict, is legally sufficient to establish penetration beyond a
reasonable doubt.  Examining the
aforementioned evidence in the light most favorable to the jury’s verdict, we
conclude that the jury could have determined beyond a reasonable doubt that
Appellant  committed the offense of
aggravated sexual assault of a child as charged in counts one and two of the
indictment.  Thus, we hold that the
evidence was legally sufficient to support the trial court’s judgment.  Appellant’s third and fourth issues are
overruled.

Factual
Sufficiency

            Turning to Appellant’s contention
that the evidence is factually insufficient to support the trial court’s
judgment, we must first assume that the evidence is legally sufficient under
the Jackson standard.  See
Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).  We then consider all of the evidence weighed
by the jury that tends to prove the existence of the elemental fact in dispute
and compare it to the evidence that tends to disprove that fact.  See Santellan v. State,
939 S.W.2d 155, 164 (Tex. Crim. App. 1997). 
Although we are authorized to disagree with the jury’s determination,
even if probative evidence exists that supports the verdict,  see Clewis, 922 S.W.2d at 133,
our evaluation should not substantially intrude upon the jury’s role as the sole
judge of the








weight and
credibility of witness testimony.  Santellan,
939 S.W.2d at 164.  Where there is
conflicting evidence, the jury’s verdict on such matters is generally regarded
as conclusive. Van Zandt v. State, 932 S.W.2d 88, 96 (Tex. App.–
El Paso 1996, pet. ref’d).  Ultimately,
we must ask whether a neutral review of all the evidence, both for and against
the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine our confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1,
11 (Tex. Crim. App. 2000); see also Watson v. State, 204
S.W.3d 404, 417 (Tex. Crim. App. 2006) (evidence factually insufficient only
when reviewing court objectively concludes great weight and preponderance of
the evidence contradicts the jury’s verdict).

            Here, in addition to the evidence
discussed above, we consider the evidence that contradicts the jury’s
determination.  Sanford testified that
the redness of B.A.’s anus could be explained either by a lack of hygiene or by
a rubbing or touching of the anus. 
Appellant offered the testimony of two witnesses, his aunt and sister,
who claimed that they had  seen B.A.
shortly before the incident, and that she had diaper rash.  No witness testified that B.A.’s anus had
been penetrated.

            Nonetheless, we must consider this
evidence in the context of the record as a whole.  We already have held that the lack of direct
evidence of penetration is not dispositive. 
The circumstantial evidence that B.A.’s anus had been penetrated is
sufficient support for the jury’s verdict. 
Further, while there is some evidence to the contrary, the jury heard
testimony that B.A. had no diaper rash and no hygiene problems.  As such, we conclude that the jury could have
reasonably found that Appellant committed aggravated sexual assault on
B.A.  See Wesbrook v. State,
29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (stating that the jury determines the
weight to be given testimony of witnesses and resolves of any conflicts in the
evidence); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986) (stating that a jury may believe all, some, or none of a witness’s
testimony).

            Our review of the entire record,
with consideration given to all of the evidence, both for and against the jury’s
finding, has not revealed any evidence that causes us to conclude that the
proof of guilt is so obviously weak or is otherwise so greatly outweighed by
contrary proof as to render Appellant’s conviction clearly wrong or manifestly
unjust. See Watson, 204 S.W.3d at 417; Johnson, 23
S.W.3d at 11.  Therefore, we hold that
the evidence is factually sufficient to support the trial court’s
judgment.  Appellant’s fifth and sixth
issues are overruled.

 

Disposition

            Having
overruled all of Appellant’s issues, we affirm the trial court’s
judgment.

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

Opinion delivered December 12, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

(DO NOT PUBLISH)











[1] At trial, Appellant
claimed that he was not in B.A.’s room but instead was still in the older child’s
room when he was awakened by C.P.  He
claimed that he did not know what was happening but left the house because C.P.
and A.A. were angry with him.

 





[2] B.A. referred to
Appellant by his nickname.

 





[3] At the time, B.A.
referred to both her vagina and her anus as her tee-tee.

 





[4] See Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2007).





[5] One could argue that Appellant might never have testified had W.K.’s
testimony not been presented.  See Davis
v. State, 203 S.W.3d 845, 855 (Tex. Crim. App. 2006).  However, Appellant has not made that
argument.  Moreover, Appellant did not
tell the trial court that he was testifying solely to “meet, destroy, or
explain” W.K.’s testimony and does not make that argument here.  See Leday v. State, 983 S.W.2d
713, 719 (Tex. Crim. App. 1998).  We will
not speculate as to how Appellant’s trial strategy and tactics might have been
different had the trial court made different evidentiary rulings.  See Davis, 203 S.W.3d at 855.