COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

MIGUEL DELGADO, §

            Appellant, §

v. §

THE STATE OF TEXAS, §

            Appellee. §

§

No. 08-05-00391-CR

Appeal from the

243rd Judicial District Court

of El Paso County, Texas

(TC# 20030D05472)

**O P I N I O N**

Appellant was found guilty by a jury of two counts of indecency with a child and one count of aggravated sexual assault of a child. During punishment deliberations, the jury requested to adjourn for the day and resume deliberations the next day to give them ample time to consider all the evidence presented during the punishment phase. Defense counsel moved to have the jury sequestered. The trial judge overruled the motion, and permitted the jury to separate for the night.

Appellant was sentenced to 10 years' community supervision for the indecency with a child counts and 20 years' in prison for the aggravated sexual assault, with the sentences to run concurrently. Appellant contests the trial court's decision in denying defense counsel's motion to sequester. We affirm.

Appellant's sole issue on appeal is whether the court erred by allowing the jury to separate over defense counsel's motion. Article 35.23 states:

The court may adjourn veniremen to any day of the term. When jurors

have been sworn in a felony case, the court may, at its discretion, permit the jurors to separate until the court has given its charge to the jury. The court on its own motion may and on the motion of either party shall, after having given its charge to the jury, order that the jury not be allowed to separate, after which the jury shall be kept together, and not permitted to separate except to the extent of housing female jurors separate and apart from male jurors, until a verdict has been rendered or the jury finally discharged.

TEX.CODE CRIM.PROC.ANN. art. 35.23 (Vernon 2006). The defendant must either timely file a motion to sequester or timely object to a request to separate to preserve for appeal a complaint that the trial court deprived the defendant of the right to have the jury sequestered. *Sanchez v. State*, 906 S.W.2d 176, 178 (Tex.App--Fort Worth 1995, pet. ref'd). A timely request is one made at the earliest possible opportunity. *Id*. at 178, *citing Gregg v. State*, 881 S.W.2d 946, 950 (Tex.App.--Corpus Christi 1994, pet. ref'd); *Hood v. State*, 828 S.W.2d 87, 91-6 (Tex.App.--Austin 1992, no pet.).

Here, the defense counsel moved to sequester the jury immediately after the request to separate for the day was made. It was the first time the separation issue arose at trial. We find the motion to sequester was timely made. Having made a timely motion to sequester the jury after the charge was given to the jury, the trial court was required to grant the motion. *See* TEX.CODE CRIM.PROC.ANN. art. 35.23. We hold the trial court erred in failing to grant the motion to sequester the jury.

The error in failing to sequester a jury is a violation of a statute not a constitutional mandate. *Campbell v. State*, 189 S.W.3d 822, 826 (Tex.App.--Houston [1st Dist.] 2006, no pet.). Appellant argues that the error is reversible, but cites to cases that applied former Texas Rule of Appellate Procedure 81(b)(2). Rule 44.2, which replaced Rule 81(b)(2) in 1997, has two harm standards: one for constitutional errors and one for other errors. *See Campbell*, 189 S.W.3d at

826; TEX.R.APP.P. 44.2.  Violating a statutory mandate to sequester a jury is governed by Rule 44.2(b) of the Texas Rules of Appellate Procedure.  *Campbell*, 189 S.W.3d at 826, *citing Rojas v. State*, 986 S.W.2d 241, 252 (Tex.Crim.App. 1998)(Keller, J., concurring).  Any error, defect, irregularity, or variance, other than constitutional error, that does not affect substantial rights must be disregarded.  *See* TEX.R.APP.P. 44.2(b).

The record shows the trial judge stated to the jury that he "must emphatically remind" them about the instructions not to discuss the case with anyone or listen to any comment or read any report about the case.  There is nothing in the record showing the jury did not follow the instructions or of any other harm occurring from allowing the jurors to separate.  The trial court's error in allowing the jury to separate during deliberations did not affect a substantial right and was harmless error.  *See Campbell*, 189 S.W.3d 826, *citing Rojas*, 986 S.W.2d at 252 (Keller, J., concurring); *see also* TEX.R.APP.P. 44.2(b).  Appellant's sole issue is overruled.

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.


June 12, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)