Opinion issued January 12, 2016



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-15-00135-CR

———————————

**PETE RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1389063**

---

## MEMORANDUM OPINION

A jury found Pete Rodriguez guilty of the offense of indecency with a child and the trial court assessed his punishment at 10 years' confinement. Rodriguez seeks reversal of his conviction, contending that his lawyer provided ineffective assistance by incorrectly advising him that he was not eligible for community

supervision in lieu of confinement and that the trial court also erred in incorrectly admonishing him that he was not eligible for community supervision. Because we conclude that his lawyer and the trial court correctly informed Rodriguez that he was not eligible for community supervision, we affirm.

## Background

A grand jury indicted Rodriguez for one count of indecency with a child, his daughter. The indictment stated that the offense occurred in November 2012. The trial court admonished him that he would not be eligible for community supervision if convicted, because the child was younger than 14 at the time of the alleged offense. Rodriguez pleaded not guilty.

At trial, the uncontroverted evidence showed that the complainant was born in May 1999. But proof of the date on which the offense allegedly occurred was less precise. The complainant testified that Rodriguez repeatedly touched her in a sexual manner over several years' time. She said that the last incident, the one for which Rodriguez was indicted, occurred during her final visit with him in November 2012. However, other evidence at trial indicated that the complainant may have visited Rodriguez in December 2012. In particular, the complainant's medical records reflect that the date of the suspected abuse was the weekend of December 1, 2012, and the last possible occurrence was on December 2, 2012. Regardless of whether

2

the child last visited Rodriguez in November or December of 2012, the undisputed evidence at trial was that the complainant did not see Rodriguez again until the trial.

In closing, Rodriguez's lawyer argued that the complainant's uncertainty about the date on which the offense allegedly took place and other inconsistencies created reasonable doubt. But the defense did not contend that there was any question as to the complainant's age on the date of the alleged offense. Nor did the defense request that the jury be instructed to make a finding as to whether she was younger than 14 at the time.

In accord with the indictment, the jury instructions stated that the charged offense allegedly occurred on or about a particular date in November 2012. But the instructions went on to advise that the State was not bound by the date specified in the indictment. After the jury rendered a verdict of guilty, Rodriguez elected to have the court assess his punishment. The court assessed his punishment at 10 years' confinement.

Rodriguez moved for a new trial. In relevant part, he asserted that his trial counsel rendered ineffective assistance by incorrectly advising him that he was not eligible for community supervision, failing to file a motion for community supervision in lieu of confinement, and not requesting a jury finding on whether the complainant was younger than 14 on the date of the offense. The trial court denied the motion.

**Discussion**

On appeal, Rodriguez contends that his lawyer provided ineffective assistance by incorrectly advising him that he was not eligible for community supervision. He likewise contends that the trial court committed reversible error by incorrectly admonishing him that he was not eligible for community supervision. He maintains he would have been eligible for community supervision if the jury believed the complainant was not younger than 14 on the date of the offense, but elected to go to the court—which could not place him on community supervision—for punishment based on the mistaken information he received from the trial court and counsel.

The State disagrees. It maintains that the uncontroverted evidence at trial established that the offense charged in the indictment took place before the complainant's fourteenth birthday. Therefore, the State contends, the evidence conclusively establishes that Rodriguez was not eligible for community supervision.

**A.    Eligibility for Community Supervision**

Indecency with a child younger than 17 years old is a felony. TEX. PENAL CODE § 21.11 (West 2011). If the child is younger than 14 years old, a defendant who is guilty of this offense is categorically ineligible for community supervision. TEX. CODE CRIM. PRO. art. 42.12(3g)(a)(C), (4)(d)(5) (West Supp. 2015). If the child is 14 years old or older, the defendant is eligible for community supervision. TEX. CODE CRIM. PRO. art. 42.12(4)(d)(5) (West Supp. 2015). But a trial court can assess

community supervision in lieu of confinement as punishment for this offense only upon the recommendation of a jury. TEX. CODE CRIM. PRO. art. 42.12(3g)(a)(C), (4) (West Supp. 2015). Thus, a defendant guilty of indecency with a child who may be eligible for community supervision based on the age of the child must elect to have a jury assess his punishment to pursue this possibility. *See id.*

### B.     Ineffective Assistance of Counsel

To prevail on an ineffective-assistance claim, a defendant must establish two things. First, he must show that his lawyer's performance was deficient by proving by a preponderance of the evidence that it objectively fell below professional standards. *Starz v. State*, 309 S.W.3d 110, 118 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (citing *Strickland v. Washington*, 466 U.S. 687 (1984)). Second, the defendant must show that in reasonable probability the result of the proceeding would have differed but for this deficiency. *Id.*

When, as here, the defendant moved for new trial on the basis of ineffective assistance of counsel and the trial court denied the motion, we analyze the ineffective-assistance claim as a challenge to the denial of the motion for new trial. *Starz*, 309 S.W.3d at 118. Thus, we review it for abuse of discretion, and reverse only if the trial court's decision is arbitrary or unreasonable when viewed in the light most favorable to its ruling. *Id.*

The success of Rodriguez's ineffective-assistance claim depends on whether the evidence at trial would have allowed the jury to rationally conclude that the charged offense occurred on or after the complainant's fourteenth birthday. If so, then contrary to his counsel's advice, the jury could have recommended that confinement be suspended in favor of community supervision. *See* TEX. CODE CRIM. PRO. art. 42.12(4)(d)(5) (West Supp. 2015). If not, then Rodriguez was not eligible for community supervision. *Id.* And, if he was not in fact eligible for community supervision, his counsel's advice to this effect was not deficient.

At trial, the parties disputed the last date on which Rodriguez had contact with the complainant. But this dispute concerned whether their last date of contact was in November or December of 2012. Whichever may have been the case, it is undisputed that they did not see one another again until trial. It likewise is undisputed that the complainant was born in May 1999. Therefore, regardless of whether the complainant last saw Rodriguez in November or December of 2012, any alleged criminal conduct necessarily took place before her fourteenth birthday, which was in May 2013.

Because the evidence the jury heard established without contradiction that Rodriguez last saw the complainant when she was 13 years old and had no contact with her afterward, the jury could not have concluded that the charged offense occurred after the complainant's fourteenth birthday. It therefore could not have

6

recommended that Rodriguez be placed on community supervision in lieu of confinement. Rodriguez's counsel, therefore, was not deficient in failing to advise Rodriguez of the possibility of community supervision. TEX. CODE CRIM. PRO. art. 42.12(4)(d)(5) (West Supp. 2015). Because Rodriguez failed to satisfy *Strickland*'s first prong, the trial court did not abuse its discretion in denying Rodriguez's motion for new trial premised on ineffective assistance.

### C.     Trial Court's Admonishment

Rodriguez's second issue, in which he contends the trial court made a structural error in incorrectly admonishing him that he was not eligible for community supervision, rests on the same premises as his ineffective-assistance claim. Our conclusion that the evidence at trial conclusively proved that the complainant was less than fourteen years old years old at the time of the charged offense establishes that the trial court's admonishment was correct and, therefore, disposes of Rodriguez's second issue. *See, e.g.*, *Campbell v. State*, 189 S.W.3d 822, 824 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (overruling point of error that was based on mistaken premise).

### Conclusion

We conclude that Rodriguez's trial counsel and the trial court correctly informed Rodriguez that he was not eligible for community supervision. We therefore affirm the trial court's judgment of conviction.

                                        Rebeca Huddle
                                        Justice

Panel consists of Justices Higley, Huddle, and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).