**Affirmed and Opinion filed March 29, 2012.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-11-00080-CR**
**NO. 14-11-00081-CR**

---

**KENNETH LEE POLK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1291662, 1291663**

---

## OPINION

Appellant Kenneth Lee Polk appeals his convictions for aggravated sexual assault of a child, claiming the trial court reversibly erred in admitting into evidence the testimony of two outcry witnesses and in denying appellant's request to sequester the jury after closing arguments. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by two separate indictments with two offenses of aggravated sexual assault of a child: one indictment alleged contact with his eight-year-old granddaughter's anus; the second indictment alleged contact with the same granddaughter's sexual organ. Both offenses were alleged to have occurred during the same episode. The primary offenses were each enhanced by a prior felony conviction. Appellant pleaded "not guilty" to the charged offenses.

The cases were consolidated for trial. At a bench conference outside of the jury's presence, the State sought the trial court's ruling on the proper outcry witness. The trial court sustained appellant's initial objection to a law enforcement officer as an outcry witness. The State proffered in the alternative that the complainant's adult brother could testify as to outcry the complainant made to him about vaginal penetration, as alleged in one indictment, and the complainant's mother could testify about outcry the complainant made to her about anal contact, as alleged in the second indictment. As reflected in the record, appellant's trial counsel initially agreed with the trial court's assertion that there are two separate events, and stated, "Sure they are. So you['ve] got the brother and you've got the mom from one event, the brother from one, you still don't have law enforcement." The trial court ruled that the State could present the two outcry witnesses, both the brother and mother, noting that there were two separate offenses. When appellant was asked whether he objected to the brother and mother testifying as the two outcry witnesses, appellant's trial counsel replied, "No, Your Honor."

The complainant's brother testified that at his eighteenth birthday party, when the complainant was thirteen years old, she confided in him that she had sex with someone unwillingly. The complainant told her brother she had been sitting on a sofa in their mother's old house on Fleming Drive when appellant "touched" her. The brother learned from the complainant that appellant laid on top of her, took her clothing off, and inserted his "private" into her "private." The complainant told her brother that she tried to stop the conduct and that she bled afterwards.

2

When the State sought to call the complainant's mother to testify, appellant objected to the mother's testimony as a second outcry witness on the grounds that only one incident happened and the brother already had testified as an outcry witness about the single incident. The trial court overruled the objection, noting that the brother did not testify about the alleged anal contact, and that a second outcry witness may testify about a different charged offense. The trial court granted appellant's request for a running objection to the mother's outcry testimony.

The mother testified that in 2003, when the complainant was eight years old, they lived together in a home on Fleming Drive, and appellant lived with them. In 2009, the complainant wrote letters to her mother claiming to have been molested by appellant in the home on Fleming Drive. The complainant spoke with her mother and told her that appellant laid on a sofa with her, started "grinding" on her, pulled her pants down, and tried to put his penis in her "booty." The mother initially understood the term "booty" to mean the complainant's "behind," although she testified she was not sure. The mother learned that appellant then covered the complainant's mouth and attempted to "put it up her front."

The complainant testified that appellant lived with the family on Fleming Drive when she was in third grade and eight years old; at that time, appellant slept on the sofa in the living room. The complainant described how she and appellant were laying together on the sofa when appellant started to "grind" on her and pulled her shorts and underwear down. According to the complainant, appellant first tried to place his penis in her "backside," and then covered her mouth and put his "private" in her "front" and moved it "in and out," causing her pain.[1] She was embarrassed by the incident and kept it a secret until she confided in her brother and mother in 2009.

---

[1] The record reflects that the complainant referred to her "backside" or "butt" as her buttocks region, where she "poops" when she uses the restroom. The complainant clarified that she referred to appellant's penis as his "private" and that she used the terms "private" or "front" to refer to her vagina.

3

Appellant testified and denied the allegations.  He denied ever being alone with the complainant.

After the jury had been charged and as the jury began deliberations, the defense requested that the jury be sequestered for the night.  The trial court denied the request, admonished the jurors and reminded them not to speak with others about the case; the trial court allowed the jurors to go home for the evening.  On the following day, the jury found appellant guilty of the charged offenses.  After appellant pleaded "true" to the enhancements, the trial court found the enhancements to be true and sentenced appellant to twenty-three years' confinement in each case, with the sentence to run concurrently.  Appellant now appeals.

ISSUES AND ANALYSIS

**Did the trial court err in allowing testimony from two outcry witnesses?**

In his first issue, appellant asserts the trial court reversibly erred in allowing both the complainant's mother and brother to testify as outcry witnesses because their testimony was duplicative.  With the exception of the word "booty," as used by the mother in testifying about the complainant's outcry, appellant contends that the mother's testimony was identical to the brother's testimony and should not have been admitted as outcry testimony.

We review the trial court's designation of an outcry witness under an abuse-of-discretion standard.  *See Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *Zarco v. State*, 210 S.W.3d 816, 830 (Tex. App.—Houston [14th Dist.] 2006, no pet.).  A trial court's designation of an outcry witness will be upheld when supported by the evidence.  *See Garcia*, 792 S.W.2d at 92.  A trial court abuses its discretion when its ruling is outside the zone of reasonable disagreement.  *See Zarco*, 201 S.W.2d at 830.  Absent a clear abuse of discretion, a reviewing court will not disturb the trial court's ruling. *See id.*

The State argues that appellant has failed to preserve this issue for appellate review because appellant failed to assert a timely objection to the trial court's designation of the mother as a second outcry witness. The record reflects the trial court's ruling outside of the jury's presence that both the mother and brother could testify as outcry witnesses because two separate offenses were alleged, even though the offenses stemmed from the same incident. When the trial court asked whether appellant objected to the two outcry witnesses, appellant replied, "No, Your Honor." Although, appellant affirmatively stated he had no objection to the trial court's initial ruling in designating both the mother and brother as outcry witnesses on the separate charged offenses, appellant objected prior to the mother's testimony, and thus preserved error on this issue.

We now consider whether the trial court abused its discretion in admitting the testimony of both the mother and brother as outcry witnesses. Under article 38.072 of the Texas Code of Criminal Procedure, entitled "Hearsay Statement of Child Abuse Victims," some hearsay statements are admissible in prosecuting certain offenses, including aggravated sexual assault of a child, as in this case. *See* Tex. Code Crim. Proc. Ann. art. 38.072, § 1 (West 2011). The statute applies to "statements that describe the alleged offense" and that (1) were made by the child against whom the offense allegedly was committed and (2) were made to the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. *Id.* § 2(a). The statute has been construed to apply to the first adult to whom the complainant makes a statement that in "some discernible manner describes the alleged offense." *See Garcia*, 792 S.W.2d at 391. For the statute to apply, the statement must be more than words that give a "general allusion" that something in the area of child abuse has occurred. *Id.*

Appellant does not dispute that the complainant's adult brother was a proper outcry witness; appellant contends that the trial court improperly allowed the mother's testimony as a second outcry witness because it was identical to the brother's testimony. Outcry testimony is specific to an event instead of "person-specific." *Broderick v. State*, 35 S.W.3d 67, 73 (Tex. App.—Texarkana 2000, pet. ref'd). More than one outcry

witness may testify when the outcry statements are about differing events and not a repetition of the same events. *See Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011); *Broderick*, 35 S.W.3d at 74. As reflected in the record, the complainant made detailed outcry to her adult brother about appellant's contact with her vagina; the complainant did not reveal to her brother that appellant also had touched her anus in the same encounter. It was only during the complainant's subsequent conversation with her mother that the complainant first offered details about appellant's contact with her anus. *See Divine v. State*, 122 S.W.3d 414, 420 (Tex. App.—Texarkana 2003 (pet. ref'd) (involving a child's outcry to multiple people about differing acts stemming from the same incident). It is therefore possible to have more than one outcry witness, as in this case, because the outcry is about different events and different offenses. *See id.*; *Josey v. State*, 97 S.W.3d 687, 693 (Tex. App.—Texarkana 2003, no pet.). The trial court's exercise of its broad discretion in admitting the mother's testimony as a second outcry witness concerning a different matter falls within the zone of reasonable disagreement; we we will not disturb the ruling absent a clear abuse of discretion grounded in the record. *See Divine*, 122 S.W.3d at 420. We overrule appellant's first issue.

**Did the trial court reversibly err in denying appellant's request to sequester the jury after the jury was charged?**

In his second issue, appellant claims the trial court reversibly erred in denying his request to sequester the jury. Article 35.23 of the Texas Code of Criminal Procedure, entitled "Jurors May Separate," provides in relative part:

> The court on its own motion may and on the motion of either party shall, after having given its charge to the jury, order that the jury not be allowed to separate, after which the jury shall be kept together, and not permitted to separate except to the extent of housing female jurors separate and apart from the male jurors, until a verdict has been rendered or the jury finally discharged. . . . In any case in which the jury is permitted to separate, the court shall first give the jurors proper instructions with regard to their conduct as jurors when separated.

Tex. Code Crim. Proc. Ann. art. 35.23 (West 2006). The defendant must either timely file a motion to sequester or timely object to a request to separate to preserve for appeal a

6

complaint that the trial court deprived the defendant of the right to have the jury sequestered. *See Sanchez v. State*, 906 S.W.2d 176, 178 (Tex. App.—Fort Worth 1995, pet. ref'd). When a defendant objects at the earliest possible opportunity, the request is timely and the trial court must honor the defendant's request. *See id.*

The record reflects that right after leaving the courtroom to begin deliberations, the jury sent a note to the judge asking to separate for the evening and return the following morning. The record reflects that the bailiff informed the trial court of the jury's request. Appellant's request to sequester the jury immediately followed the jury's request. Appellant timely objected at the first possible opportunity after the jury was charged. *See Sanchez*, 906 S.W.2d at 178. Given appellant's timely request, the trial court was required to sequester the jury. *See* Tex. Code Crim. Proc. Ann. art 35.23. We conclude the trial court erred in failing to grant appellant's request to sequester the jury.

A trial court's error in failing to grant a party's request to sequester a jury is a violation of a statute and not a constitutional mandate. *Campbell v. State*, 189 S.W.3d 822, 826 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Although appellant claims the error is reversible and that harm should be presumed,[2] a violation of a statutory mandate to sequester a jury is governed by Texas Rule of Appellate Procedure 44.2(b). *Campbell*, 189 S.W.3d at 826. Under this rule, any error, defect, irregularity, or variance, other than constitutional error, that does not affect substantial rights must be disregarded. *See* Tex. R. App. P. 44.2(b).

The record reflects that before allowing the jurors to separate for the evening, the trial judge admonished them to avoid discussing the case with others. The judge

---

[2] To the extent appellant relies upon *Hood v. State*, 828 S.W.2d 87 (Tex. App.—Austin 1992, no pet.), to show reversible error, the majority in *Hood* relied upon cases that (1) were decided under former Rule 81(b)(2) involving only a single harm standard, and (2) have been severely undermined by *Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997). *See Cain*, 947 S.W.2d at 264 (holding that "except for certain federal constitutional errors labeled by the Supreme Court as 'structural,' no error whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis."); *Campbell v. State*, 189 S.W.3d 822, 825 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (distinguishing *Hood* and applying harmless-error analysis under Rule 44.2 to a trial court's denial of a timely request to sequester).

reminded the jurors that they could not deliberate with others outside of the courtroom and cautioned them to avoid being influenced by others. The judge reminded the jurors that they could only consider evidence from the witness stand and they may not bring in outside information. Nothing in the record reflects that the jury failed to follow these instructions. Nor does the record indicate any other harm flowing from allowing the jurors to separate. The trial court's error in allowing the jury to separate during deliberations did not affect a substantial right and was harmless error. *See Campbell*, 189 S.W.2d at 826; *see also* Tex. R. App. P. 44.2(b). We, therefore, overrule appellant's second issue.

The trial court's judgment is affirmed.


/s/      Kem Thompson Frost
Justice


Panel consists of Justices Frost, Seymore, and Jamison.

Publish — TEX. R. APP. P. 47.2(b).