# NO. 12-12-00408-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LEON THOMAS BUNCE,* *APPELLANT* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Leon Thomas Bunce appeals his conviction for continuous sexual abuse of a child. In three issues, Appellant challenges the trial court's designation of the proper outcry witness. We affirm.

### BACKGROUND

Appellant was charged by indictment with continuous sexual abuse of a child, a first degree felony. As part of the offense, the indictment alleged that Appellant committed indecency with a child (sexual contact) and aggravated sexual assault (penetration of the sexual organ of a child). Appellant pleaded "not guilty," and the case proceeded to a jury trial. At the conclusion of the trial, the jury found Appellant guilty of continuous sexual abuse of a child as charged in the indictment, and assessed his punishment at life imprisonment. This appeal followed.

### OUTCRY WITNESSES

In his first issue on appeal, Appellant argues that the trial court erred in designating the forensic interviewer, instead of the child victim's mother, as the proper outcry witness. In his second issue, Appellant contends that if the correct outcry witness was the forensic interviewer, the trial court erred by allowing the child victim's mother to testify as an additional outcry witness. He also argues that if the correct outcry witness was the child victim's mother, the trial court erred by allowing the forensic interviewer to testify as an additional outcry witness. Thus, Appellant

contends, the trial court erred by permitting either the forensic interviewer or the child victim's mother to offer hearsay testimony. Because these two issues are related, we address them together.

**Standard of Review**

We review the trial court's designation of an outcry witness for an abuse of discretion. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990). Under that standard, we will not disturb the exercise of that discretion unless the record clearly establishes an abuse of discretion. *Id*. A trial court abuses its discretion when its ruling is outside the zone of reasonable disagreement. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

**Applicable Law**

A person commits an offense if during a period that is thirty or more days in duration, the person commits two or more acts of sexual abuse, and at the time of the commission of each of the acts of sexual abuse, the actor is seventeen years of age or older, and the victim is a child younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2013). An "act of sexual abuse" means any act that is a violation of one or more of certain penal laws, including the specified subsections relating to indecency with a child, and aggravated sexual assault. *See* TEX. PENAL CODE ANN. § 21.02(c) (West Supp. 2013).

Article 38.072 of the Texas Code of Criminal Procedure creates a statutory exception to the hearsay rule and allows the first adult to whom a child makes a statement describing a sexual assault to testify to the child's outcry, if the statute's provisions are met. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (West Supp. 2013). The statute applies to "statements that describe the alleged offense" that (1) were made by the child against whom the offense allegedly was committed and (2) were made to the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. *Id*. § 2(a). The proper outcry witness is not the first adult to whom the child made the outcry, but instead the first adult to whom the child makes a statement that "in some discernible way describes the alleged offense." *Garcia*, 792 S.W.2d at 91.

Outcry testimony is event-specific, not person-specific. *Polk v. State*, 367 S.W.3d 449, 453 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Multiple outcry witnesses can testify about separate instances of abuse committed by the defendant if each witness is the first person to whom the child victim relayed information about the separate incidents. *Tear v. State*, 74 S.W.3d 555, 559 (Tex. App.—Dallas 2002, pet. ref'd).

**Designation of Outcry Witness**

At a hearing to determine the proper outcry witness, D.R.D. testified that she is the mother of the child victim, C.K., who was six years old at the time of the incidents. C.K. told her mother that Appellant "had been putting his hand into her panties" and that he had done it more than once. D.R.D. said that C.K. told her the abuse occurred at their apartment and at Appellant's apartment, and that it occurred on Christmas Day 2011. She denied that C.K. told her before the forensic interview that Appellant penetrated her sexual organ. D.R.D. also denied that C.K. told her before the forensic interview, that the abuse occurred through the weekend of May 5, 2012.

Cynthia Bickley testified that she was babysitting C.K. on May 12, 2012. According to Bickley, C.K. admitted that she touched Bickley's oldest daughter "on her privates." She demonstrated to Bickley what she had been doing to Bickley's daughter and stated that Appellant had been touching her "that way." Then, Bickley contacted C.K.'s mother. She denied asking C.K. if Appellant penetrated her sexual organ.

Jackie Carvajal, a forensic interviewer, was unavailable to testify at the outcry hearing. However, without objection, the State was permitted to proffer a summary of her anticipated testimony. The summary showed that Carvajal conducted a forensic examination of C.K. six days after the initial reporting date. C.K. told her that Appellant put his hand underneath her underwear, touched her on her skin, and rubbed her vagina with his hand. She also told Carvajal that Appellant put his finger inside her vagina. According to the summary, C.K. said that the first incident occurred on Christmas 2011 at her mother's apartment. C.K. also told Carvajal that every time she spent the night at Appellant's apartment, he touched her, put his hands on her vagina, and put his finger in her vagina. C.K. related to Carvajal that the last time the conduct occurred was the last time she was at Appellant's apartment on the weekend of May 5, 2012.

The trial court concluded that Bickley was not an outcry witness because her testimony did not describe the circumstances of the offense. Based on D.R.D.'s testimony, the trial court found that she was the appropriate outcry witness for the indecency with a child offense. Because C.K. never told her mother that Appellant put his finger in her vagina, the trial court found that Carvajal was the appropriate outcry witness for the aggravated sexual assault of a child offense.

**Analysis**

Appellant argues that only one outcry witness should have been designated by the trial court, i.e., the child victim's mother, and thus, the forensic interviewer should not have been permitted to testify because her testimony was hearsay. We again note that multiple outcry witnesses may

3

testify about separate instances of abuse. *See Tear*, 74 S.W.3d at 559. "If the child victim first described one type of abuse to one outcry witness, and first described a different type of abuse to a second outcry witness, the second witness could testify about the different instance of abuse." *See id*. (citing *Turner v. State*, 924 S.W.2d 180, 183 (Tex. App.—Eastland 1996, pet. ref'd) (police officer could testify about victim's outcry about penile penetration because victim's previous outcry to counselor was about digital penetration)).

In *Broderick v. State*, 35 S.W.3d 67 (Tex. App.—Texarkana 2000, pet. ref'd), and *Josey v. State*, 97 S.W.3d 687 (Tex. App.—Texarkana 2003, no pet.), multiple outcry witnesses were allowed to testify. In *Broderick*, the indictment alleged five separate acts in two counts. *See Broderick*, 35 S.W.3d at 74. The evidence showed that the child victim had previously told her mother, in a discernible manner, about being touched. *See id*. The appellate court held that the trial court abused its discretion by determining that a law enforcement officer was the outcry witness about that act because the child victim's mother had previously been told the same story. *See id*. However, the evidence also showed that the law enforcement officer was the first person to hear the child victim's outcry that the defendant had licked her genitals. *See id*. The appellate court concluded that the trial court did not abuse its discretion by allowing the law enforcement officer to testify as an outcry witness for that act. *See id*.

In *Josey*, the parties agreed that the victim's mother was the proper outcry witness for the act of oral contact. *See Josey*, 97 S.W.3d at 692. But the defendant argued that the trial court should not have permitted the forensic interviewer to testify as an outcry witness for the act of digital penetration. *See id*. The evidence showed that the victim first provided details about the "fingering" incident during the forensic interview. *See id*. at 693. Before that moment, the victim had made only a general insinuation that a second sexual assault had occurred. *See id*. The appellate court concluded the trial court properly determined that the victim's first outcry regarding digital penetration occurred during the forensic interview. *See id*.

Here, the indictment alleged that the continuous sexual abuse of C.K. consisted of both indecency with a child and aggravated sexual abuse. The evidence at the hearing showed that D.R.D. was the first adult to hear C.K.'s outcry that Appellant touched her genitals, i.e., indecency with a child. D.R.D. admitted C.K. never told her that Appellant penetrated her sexual organ until after the forensic interview. The evidence also showed that Carvajal was the first adult to hear C.K.'s outcry that Appellant penetrated her vagina with his finger, i.e., aggravated sexual assault. Because multiple outcry witnesses may testify about separate instances of abuse committed by the

defendant, the trial court did not abuse its discretion by determining that D.R.D. was the outcry witness for the act constituting indecency with a child and Carvajal was the outcry witness for the act constituting aggravated sexual assault. *See Tear*, 74 S.W.3d at 559.

Appellant argues, however, that C.W. never made an allegation that Appellant contacted her vaginal area without touching it. Because penetration "subsumes" contact, he contends, every instance in which D.R.D. could testify regarding contact was subsumed by the testimony of Carvajal regarding penetration. Thus, Appellant argues, if Carvajal was the proper outcry witness, D.R.D. should not have been permitted to testify because her testimony related to the same instances of abuse. It is well established that to be reviewable, an argument made on appeal must comport with the issue as raised below. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Appellant's only objection at trial to the designation of Carvajal and D.R.D. as outcry witnesses was hearsay. He did not object that D.R.D.'s testimony was "subsumed" by Carvajal's testimony regarding penetration. Therefore, Appellant failed to preserve this argument for appeal. *See* TEX. R. APP. P. 33.1; *Wilson*, 71 S.W.3d at 349.

## Conclusion

The child victim's mother and the forensic interviewer were properly designated as outcry witnesses for different acts of abuse. Therefore, we overrule Appellant's first issue pertaining to the proper outcry witness and his second issue pertaining to allowing multiple outcry witnesses to testify. Because these issues are dispositive, we do not consider Appellant's remaining issue pertaining to harm. *See* TEX. R. APP. P. 47.1.

### DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the judgment of the trial court.

JAMES T. WORTHEN
Chief Justice

Opinion delivered December 12, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 12, 2013**

**NO. 12-12-00408-CR**

**LEON THOMAS BUNCE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1027-12)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*