# NO. 12-14-00090-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MIGUEL ANGEL CRUZ-ROMERO,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Miguel Angel Cruz-Romero appeals his conviction for aggravated sexual assault of a child, for which he was sentenced to imprisonment for forty years. In one issue, Appellant argues that he received ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant was charged by indictment with continuous sexual abuse of a young child. He pleaded "not guilty" to the offense, and the matter proceeded to a jury trial.

At trial, the victim's mother testified that the ten year old victim, S.S., revealed to her that Appellant, the brother of S.S.'s mother, had tried to videotape S.S. showering by concealing his cell phone in a towel on the bathroom floor. About a day later, the victim further revealed to her mother that Appellant had touched her "intimate parts" and had also put his "private parts" on her "private parts." The mother then confronted Appellant, who denied the allegations. Believing her daughter, S.S.'s mother contacted law enforcement. Detectives with the Smith County Sheriff's Office interviewed Appellant, and he confessed to touching S.S.'s "private part" about four times, including one time under her clothing.

Ultimately, the jury found Appellant "guilty" of aggravated sexual assault of a child and sentenced him to imprisonment for forty years. This appeal followed.

In his sole issue, Appellant contends that he received ineffective assistance of counsel and asks this court to grant a new trial.

## Standard of Review and Applicable Law

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the *Strickland* test, an appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To be successful, an appellant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712.

Review of a trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712. We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. It is Appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*; *Tong*, 25 S.W.3d at 712. Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Rarely is the record on direct appeal sufficiently developed to fairly evaluate the merits of a claim of ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. ***Thompson***, 9 S.W.3d at 813. Appellant must prove both prongs of the ***Strickland*** test by a preponderance of the evidence in order to prevail. ***Tong***, 25 S.W.3d at 712.

**Discussion**

Appellant argues that counsel was ineffective because he failed to object to inadmissible outcry testimony from multiple witnesses. He contends that the only possible function of such testimony was to bolster the complaining witness's testimony.

Article 38.072 of the Texas Code of Criminal Procedure creates a statutory exception to the hearsay rule. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (West Supp. 2014). It allows the first adult to whom a child makes a statement describing a sexual assault to testify to the child's outcry, if the statute's provisions are met. ***Id.*** The statute applies to statements describing the alleged offense that (1) were made by the child against whom the offense allegedly was committed and (2) were made to the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. ***Id.*** § 2(a). The proper outcry witness is the first adult to whom the child makes a statement that "in some discernible manner describes the alleged offense." ***Garcia v. State***, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990).

Outcry testimony is event-specific, not person-specific. ***Polk v. State***, 367 S.W.3d 449, 453 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Multiple outcry witnesses can testify about separate instances of abuse committed by the defendant if each witness is the first person to whom the child victim relayed information about the separate incidents. ***Tear v. State***, 74 S.W.3d 555, 559 (Tex. App.—Dallas 2002, pet. ref'd).

At trial, S.S.'s mother testified that S.S. told her Appellant tried to film her showering, touched her "intimate parts," and put his "private parts" on her "private parts." Jennifer Stockwell, a patrol deputy with the Smith County Sheriff's Office at the time the offense was reported, testified that she was dispatched to S.S.'s home on a sexual assault call. She spoke briefly with S.S., who told her that she had caught Appellant recording her in the shower with his phone. S.S. also told her that Appellant had touched her "private area" with his hand and his "private part," with and without clothes, at his house and at hers.

Gerald Caldwell, a sergeant with the Smith County Sheriff's Office, testified that he also spoke briefly with S.S. at her home. She told him that Appellant had touched her "private area"

several times over the past year. She also responded affirmatively when he asked if her "private area" hurt when Appellant put his "private" inside her. Finally, Rebecca Cunio, a forensic interviewer with the Children's Advocacy Center, testified that S.S. told her Appellant had touched her front and back "private areas" with his "private area" multiple times.

The State notes that testimony from multiple outcry witnesses is admissible under Article 38.072 under certain circumstances, but does not explicitly argue that the complained of testimony in this case is admissible. However, the State argues that the record on this direct appeal, with its lack of direct evidence of the reasoning or strategy behind defense counsel's failure to object to the testimony, is not sufficiently developed to show that he was ineffective. We agree.

When counsel does not object to hearsay evidence and the record does not provide any reference to explain why counsel chose not to object or failed to object, the appellate court should be especially hesitant to declare counsel ineffective. *See **Thompson***, 9 S.W.3d at 814. If there is at least a possibility that counsel's conduct could have been grounded in legitimate trial strategy, we will defer to counsel's decisions and deny relief. *See **Garza v. State***, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007).

The record in this case supports an inference that defense counsel employed a strategy of allowing multiple witnesses to testify regarding S.S.'s statements in order to promote a theory that she fabricated her story. In his opening statement, defense counsel stated the following to the jury:

> Now, ladies and gentlemen, after the police were called, the best way to describe what happens in one of these cases after these allegations were made, there was this Acura commercial a couple of years ago where this man's on top of a mountain, throws a snowball down the mountain, and he starts driving around in this nice car.
>
> And while he's driving, the snowball's just getting bigger and bigger and bigger, and by the time he gets down to the lodge, the snowball is the size of the lodge. Ladies and gentlemen, that's exactly what happens in one of these cases. You call in an allegation like this, and you're going to hear from the initial responding patrol officer. That patrol officer is going to bring in—is going to call it in.
>
> And before you know it, there's going to be sergeants and detectives and people at the scene. There's going to be statements on top of statements. There's going to be exams, nurse exams, medical exams. And what happens each time these statements are made and each time they're made in the presence of different people, you'll notice that the stories, just like the case itself, starts to grow and starts to grow and starts to grow until at the end, the story has transformed into something very different than what the original allegation was.

4

And so, ladies and gentlemen, I invite you to pay special attention to the ways that the story grows, okay, the way that the charges and allegations grow.

. . . .

And at the end of the day, you're going to be weighing the various versions and the various stories and the various people that you hear from. And at the end of the day, ladies and gentlemen, you will have doubts, a lot of them. And a lot of these doubts are going to be real, they're going to be logical, and they're going to be reasonable.

Then, in his closing argument, defense counsel stated the following:

Now, can you believe [S.S.] beyond a reasonable doubt? Go back and think about the different versions of her story and track along where they were as the case progressed. It started off as a couple of instances here on the stand. And I don't know if you noticed. To my surprise, when she says it happens frequently, almost daily. That's the first time she told anybody that, okay? And like I told you before, the snowball of these cases, it went from something much simpler to, by the time it was here, it evolved to almost daily, frequently. Now, ladies and gentlemen that should be concerning to you.

These statements show at least the possibility that defense counsel allowed the witnesses to testify without objection in order to use the story's evolution to create reasonable doubt in the minds of the jurors. Therefore, we defer to defense counsel's decisions and deny relief on the ineffective assistance claim on direct appeal. *See **Garza***, 213 S.W.3d at 348. Accordingly, we overrule Appellant's sole issue.

**DISPOSITION**

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered April 22, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 22, 2015**

**NO. 12-14-00090-CR**

**MIGUEL ANGEL CRUZ-ROMERO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1111-11)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*