

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00072-CR

_____

GREGORIO CRUZSALGADO, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1811254

---

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Gregorio Cruzsalgado faced a seven-count indictment.[1] A jury found him guilty of count four, aggravated sexual assault of a child, *see* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (a)(2)(B), and count five, indecency with a child by contact, *see id.* § 21.11(a)(1). The jury acquitted him of the five other counts.[2]

The jury then assessed a punishment of twenty-five years' confinement for the aggravated-sexual-assault-of-a-child offense and eight years' confinement for the indecency-with-a-child-by-contact offense. The trial court sentenced Cruzsalgado accordingly and ordered the sentences to run consecutively.

The record contains separate judgments of conviction for counts four and five and separate judgments of acquittals for counts one, two, three, six, and seven.

On appeal, in two points, Cruzsalgado argues that (1) Article 38.072 of the Texas Code of Criminal Procedure is facially unconstitutional because it violates his right to confront the witnesses against him and (2) the trial court designated the

---

[1]We spell the appellant's name as it appears in the indictment and in the seven judgments. We note, however, that the appellant signed his notice of appeal "Gregorio Salgado." In other documents, appellant is identified as "Gregorio Cruz-Salgado."

[2]The jury found Cruzsalgado not guilty of count one (continuous sexual abuse of a child), *id.* § 21.02; count two (aggravated sexual assault of a child), *id.* § 22.021(a)(1)(B)(iii), (a)(2)(B); count three (aggravated sexual assault of a child), *id.*; count six (indecency with a child by contact), *id.* § 21.11(a)(1); and count seven (indecency with a child by contact), *id.*

wrong person to testify as the outcry witness. Because existing case law disposes of Cruzsalgado's first point, we overrule it. And because the trial court's outcry-witness designation does not constitute an abuse of discretion, we overrule Cruzsalgado's second point. We affirm the trial court's judgments for counts four and five.

## II. BACKGROUND

The evidence showed that Cruzsalgado lived in the same household as the child and committed sexual offenses against her. Cruzsalgado does not contest the sufficiency of the evidence. Because the evidence is immaterial to Cruzsalgado's first point, we develop the evidence as necessary to address his second point.

## III. DISCUSSION

### A. Constitutionality of Article 38.072

In Cruzsalgado's first point, he argues that Article 38.072 of the Texas Code of Criminal Procedure is facially unconstitutional because it violates his right to confront the witnesses against him. Within his brief, he acknowledges that the Texas Court of Criminal Appeals has already ruled against him on this issue. *See Buckley v. State*, 786 S.W.2d 357, 357–58 (Tex. Crim. App. 1990). Cruzsalgado asserts that he presents this complaint to preserve it for further review.

Based on *Buckley*, we overrule Cruzsalgado's first point. *See id.*; *see also Sanchez v. State*, 354 S.W.3d 476, 486 n.26 (Tex. Crim. App. 2011); *Bell v. State*, No. 02-22-00289-CR, 2023 WL 3878416, at *1 (Tex. App.—Fort Worth June 8, 2023, pet. ref'd) (mem. op., not designated for publication).

## B. Designation of Outcry Witness

In Cruzsalgado's second point, he contends that the trial court designated the wrong person to testify as the outcry witness. Cruzsalgado maintains that the trial court should have designated Kimberly Cox, the person to whom the child made her first outcry, as the outcry witness under Article 38.072. Instead, the trial court designated Jolie Marchand, the forensic interviewer.

### 1. Legal Principles

Hearsay is inadmissible unless a statute or rule provides otherwise. Tex. R. Evid. 802. Article 38.072 of the Texas Code of Criminal Procedure provides, in relevant part, that a statement is not inadmissible on the basis that it is hearsay if (1) the statement describes an offense under Chapter 21 or 22 of the Penal Code[3] that a defendant committed against a child younger than fourteen years of age; (2) the statement was made by the child to the first person who was eighteen years old or older, other than the defendant, to whom the child spoke about the offense; (3) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable; and (4) the child is available to testify in court or in any other manner provided by law. Tex. Code Crim. Proc. Ann. art. 38.072, §§ 1(1), 2; *Lumsden v. State*, 564 S.W.3d 858, 881 (Tex. App.—Fort Worth 2018, pet. ref'd).

---

[3]All of the counts alleged against Cruzsalgado fell under Chapters 21 and 22 of the Penal Code.

The Texas Court of Criminal Appeals has held that, under the statute, the outcry witness must be the first person, eighteen years old or older, to whom the child makes a statement that in some discernible manner describes the alleged offense. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). "The statute demands more than a general allusion of sexual abuse." *Id.*; *see Espinoza v. State*, 571 S.W.3d 427, 431 (Tex. App.—Fort Worth 2019, pet. ref'd) (discussing *Garcia*); *see also Kappes v. State*, No. 08-22-00095-CR, 2023 WL 1972015, at *5 (Tex. App.—El Paso Feb. 13, 2023, pet. ref'd) (stating that the proper outcry witness is generally the first person to whom the child described the "how, when, and where" of the abuse); *Rivera v. State*, No. 08-19-00136-CR, 2021 WL 3129261, at *4 (Tex. App.—El Paso July 23, 2021, no pet.) (not designated for publication) (same).

### 2. Standard of Review

When determining who qualifies as a proper outcry witness, a trial court has broad discretion. *See Garcia*, 792 S.W.2d at 92; *Rodgers v. State*, 442 S.W.3d 547, 552 (Tex. App.—Dallas 2014, pet. ref'd). Appellate courts thus apply an abuse-of-discretion standard. *Polk v. State*, 367 S.W.3d 449, 452 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Appellate courts will uphold a trial court's ruling if it is reasonably supported by the record and within the zone of reasonable disagreement. *Id.*

5

### 3. Cox

At a hearing outside the jury's presence, Cox testified that she was a clinical therapist in the psychiatry department of Cook Children's Medical Center. Cox explained that in March 2020, she had seen the child because the child had attempted suicide. The child asserted that she had attempted suicide because she was being touched and because she did not have anyone she could tell or trust.

The child related that someone else had previously abused her, but when she went to family members for help, they did not believe her. The other family members, she said, made her feel like she was crazy.

Regarding the specificity of what the child had said, Cox related that the child had said that "her cousin had touched her when she had on Hello Kitty pajamas in the past." Cox added, "But in terms of specific types of touching, I don't recall." Cox did not know which parts of the child's body were touched.

Cox's understanding was that sexual abuse occurred on multiple occasions. But other than there being repeated abuse, Cox did not know anything more specific. Nor did she know whether the abuse occurred more than thirty days apart.

Cox lacked a lot of information. She did not know how old the child was when the abuse occurred; all she knew was that the child was twelve or thirteen years old when she spoke to her. She did not know the name of the perpetrator; she just knew that the child identified the perpetrator as her cousin. And although she was aware

that the child was staying with the perpetrator when the abuse occurred, she did not know if the child and the perpetrator lived in Tarrant or Dallas County.

### 4. Marchand

The second witness during the hearing was Marchand. Marchand said that in April 2020, while she had been a forensic interviewer with Alliance for Children in Tarrant County, she had conducted a forensic interview with the child. The child said that she and her father lived in Fort Worth with her paternal aunt, her paternal aunt's husband, and her paternal aunt's two sons, one of whom was named "Gregorio" and was identified by the child as the perpetrator.

The child provided Marchand with three specific examples of sexual abuse:

- The child related that on one occasion, while she was watching cartoons one morning in the living room, "Gregorio" put his hands on the top part of her dress and rubbed her breasts on her skin from side to side.

- The child stated that on another occasion while she was watching television in the morning in the living room, "Gregorio" touched her chest with his hand and then, using his fingers, touched and rubbed all over "the part that she pee[d] from," after which, he pulled down his underwear and put the "part that he pee[d] from into the part she pee[d] from."

- A third incident involved "Gregorio" telling the child that he wanted to give her something, so she went into his bedroom. The child explained that at the time, her aunt and uncle were at work, her other cousin was not at home, and her father was in a back bedroom. The child related that once in the bedroom, "Gregorio" threw her down on the bed, and when she tried to get up, he threw her back down. While the child's feet were dangling off the mattress's side, "Gregorio" stood by the bed and covered her mouth so that she could not scream. The child said that at that point, "Gregorio" pulled down his clothing, "put his part to pee into the part [that] she pee[d] from," and moved back and forth. She described "Gregorio" as making

7

noises like he was lifting weights, and she remembered the color of "Gregorio's" clothing—a black shirt and blue shorts—as well as what she was wearing—a pink Hello Kitty dress. The child said that she experienced pain and cried.

Beyond these three specific examples, the child provided other information as well. She stated that the abuse happened about every other week while she was in the third and fourth grades at Forest Hill Elementary School and that the abuse spanned over a year. She maintained that "Gregorio" told her not to tell anyone. Marchand summarized the child's statements as encompassing genitalia-to-genitalia contact three to four times, hand-to-her-genitalia contact more than five times, and hand-to-her-breast contact one time.

On cross-examination, when asked if she was aware that the child had previously talked to someone else about these allegations, Marchand responded, "For a forensic interview to even be scheduled, typically a child has made an outcry to someone."

### 5. The Trial

During the trial, Marchand testified. The child testified.[4] Cox did not.

### 6. Application

The child's statement to Cox was a general outcry of sexual abuse and was insufficient to describe an offense under Chapters 21 or 22 of the Penal Code. *See*

---

[4]When testifying at trial in February 2024, the child was seventeen years old. She no longer remembered the bedroom incident that Marchand described. She did not even remember talking to Marchand.

*Garcia*, 792 S.W.2d at 91. For example, the child said that she was touched, but the child did not specify where she was touched. Whether the touching constituted an offense depended on where she was touched. To constitute an offense, the State has to prove where the child was touched or penetrated. *See, e.g.*, Tex. Penal Code Ann. §§ 21.01(2)(defining "sexual contact"); 21.11(a)(1) (requiring sexual contact); 22.021(a)(1) (specifying body parts). Contextually, the child's outcry was sufficient to alert Cox that sexual abuse of some sort was occurring, but it was insufficient to alert Cox to any particular offense. While we agree that the child made an outcry to Cox, we disagree that Cox qualified as an outcry witness under Article 38.072. *See Garcia*, 792 S.W.2d at 91.

In contrast, the child's statements to Marchand were detailed enough to identify specific offenses. Additionally, the child pointed out the perpetrator and the offenses' location.

On this record, the trial court's designation fell well within the zone of reasonable disagreement. *See Polk*, 367 S.W.3d at 452. We hold that the trial court did not abuse its discretion by designating Marchand as the outcry witness. *See Garcia*, 792 S.W.2d at 92.

We overrule Cruzsalgado's second point.

## IV. CONCLUSION

Having overruled both of Cruzsalgado's points, we affirm the trial court's counts four and five judgments.

9

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 17, 2024