# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-24-00174-CR, 10-24-00175-CR

---

Richard Alan Curlee,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
12th District Court of Walker County, Texas
Judge David W. Moorman, presiding
Trial Court Cause Nos. 29142, 29144

---

JUSTICE SMITH delivered the opinion of the Court.

### MEMORANDUM OPINION

Richard Alan Curlee was separately indicted in two cases for the offense of continuous sexual abuse of a young child committed against two different children. *See* TEX. PENAL CODE ANN. § 21.02. The cases were consolidated and tried together to a jury. The jury found Curlee guilty as charged in both cases and he was sentenced to life in prison in each case, to run consecutively. On appeal, Curlee raises issues concerning the trial court's refusal to sequester

the jury, failure to conduct an informal inquiry into his competency before the punishment phase of trial, denial of his motion for continuance, and assessment of court costs. We affirm the judgments of the trial court.

## Jury Sequestration

In his first issue, Curlee contends that the trial court reversibly erred by refusing his request to sequester the jury after the charge was given in the guilt-innocence phase of trial. *See* TEX. CODE CRIM. PROC. ANN. art. 35.23. The State, conceding error, argues that the error was harmless.

ANALYSIS

We agree with the parties that the trial court erred in denying Curlee's request to sequester the jury. Article 35.23 of the Texas Code of Criminal Procedure provides, in relevant part:

> The court on its own motion may and on the motion of either party *shall*, after having given its charge to the jury, order that the jury not be allowed to separate, after which the jury shall be kept together, and not permitted to separate except to the extent of housing female jurors separate and apart from male jurors, until a verdict has been rendered or the jury finally discharged.

*Id.* (emphasis added). When a party timely moves to sequester the jury after the charge has been given, sequestration is mandatory and a trial court errs by denying the request. *See Polk v. State*, 367 S.W.3d 449, 454 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Here, while the jury was deliberating during the guilt-innocence phase, the trial court asked if any party objected to

recessing the jury for the day. Curlee immediately voiced an objection and requested jury sequestration. The trial court denied the request and permitted the jury to separate. This was error. *See id.*

A trial court's error in failing to sequester the jury in violation of article 35.23 is a statutory violation subject to harmless error analysis under Texas Rule of Appellate Procedure 44.2(b). *See id.*; *see also Rojas v. State*, 986 S.W.2d 241, 252 (Tex. Crim. App. 1998) (Keller, J., concurring); TEX. R. APP. P. 44.2(b). Under this standard, we must disregard any error that did not affect Curlee's substantial rights. *See id.* An error does not affect substantial rights if a reviewing court has fair assurance from an examination of the record as a whole that the error did not influence the jury, or had but slight effect. *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018).

Here, before recessing for the day, the trial court instructed the jury with regard to their conduct as jurors while separated. *See* TEX. CODE CRIM. PROC. ANN. art. 35.23. The jury was admonished to refrain from discussing the case with anyone, to abstain from performing any independent research, and to "not do anything on this case until you're back in the jury room with all 12 of you." A jury is presumed to have understood and followed the trial court's instructions unless the record reflects otherwise. *See Taylor v. State*, 332 S.W.3d 483, 492 (Tex. Crim. App. 2011). There is no indication in the record

that the jury failed to follow the trial court's instructions or of any other harm occurring from allowing the jurors to separate. We find that the trial court's error in refusing to sequester the jury was harmless. Accordingly, we overrule Curlee's first issue.

## Competency Evaluation

In his second issue, Curlee argues that the trial court violated his due process rights by failing to conduct an informal inquiry into his competency. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(c). We disagree.

AUTHORITY

"As a matter of constitutional due process, a criminal defendant who is incompetent may not stand trial." *Boyett v. State*, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018). The issue of the defendant's incompetency to stand trial may be raised after the trial on the merits begins and may be determined any time before the sentence is pronounced. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.005(d). Chapter 46B of the Texas Code of Criminal Procedure outlines the substantive and procedural framework for making competency determinations. *Boyett*, 545 S.W.3d at 563; *See* TEX. CODE CRIM. PROC. ANN. ch. 46B, subch. A-C.

The threshold requirement in our framework is a "suggestion" that the defendant may be incompetent to stand trial. *See* TEX. CODE CRIM. PROC. ANN.

art. 46B.004(a).  This suggestion of incompetency may consist solely of a representation from any credible source that the defendant may be incompetent.  *Id.* at art. 46B.004(c-1).  A person is incompetent to stand trial if the person does not have: "(1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person."  *Id.* at art. 46B.003(a).  Upon a suggestion of incompetency, the trial court must conduct an informal inquiry to determine whether there is "some evidence" – defined as more than none or a scintilla – of the defendant's incompetency.  *See id.* at art. 46B.004(c); *Boyett*, 545 S.W.3d at 565.  If so, then the trial court must, except in certain circumstances, stay all other proceedings in the case, order a psychiatric or psychological competency examination, and hold a formal competency hearing.  TEX. CODE CRIM PROC. ANN. arts. 46B.004(d), 46B.005(a), (b); *Boyett*, 545 S.W.3d at 563.

DISCUSSION

After the jury found Curlee guilty on Friday afternoon, the trial court recessed the proceedings and scheduled the punishment phase of trial to begin on the following Tuesday morning.  On Monday, the day before the punishment phase was scheduled to begin, Curlee's trial counsel filed a "Motion Suggesting Incompetency and Request for Examination" and a separate "Motion for

Continuance." As grounds for each motion, trial counsel stated that Curlee had attempted suicide on the previous Friday after the jury's guilty verdicts were announced.

On appeal, Curlee claims that the trial court failed to conduct an informal inquiry into his competency under article 46B.004(c) despite trial counsel's motion suggesting incompetency. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(c). Contrary to Curlee's assertion, the record clearly shows that the trial court conducted an informal inquiry into his competence. During the informal inquiry stage, the trial court is not required to follow a specific protocol. *See George v. State*, 446 S.W.3d 490, 501 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). Before beginning the punishment phase, while outside of the presence of the jury, the trial court specifically called trial counsel's motion suggesting incompetency and asked if counsel wished to present any evidence. Trial counsel chose to testify and provided additional information about Curlee and his suicide attempt. After hearing counsel's testimony and considering its own observations of Curlee during trial, the trial court denied the motion. We find that the trial court conducted an informal inquiry pursuant to article 46B.004(c) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(c).

Accordingly, we overrule Curlee's second issue.

## Motion for Continuance

In Curlee's third issue, he argues that the trial court abused its discretion by denying his motion to continue the punishment phase of trial after he attempted suicide, violating the Sixth Amendment of the United States Constitution, Article I, Section 10 of the Texas Constitution, and article 33.03 of the Texas Code of Criminal Procedure. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 33.03. We disagree.

AUTHORITY

The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution guarantee a defendant threatened with loss of liberty the right to be physically present at all phases of the criminal proceedings against him. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, §§ 10, 19; *Miller v. State*, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985). After the commencement of trial proceedings, a defendant may voluntarily absent himself from the trial without a violation of his Sixth Amendment right to be present during all phases of the trial. *See Taylor v. United States*, 414 U.S. 17, 18-19, 94 S. Ct. 194, 195, 38 L. Ed. 2d 174 (1973) (per curiam). The Texas Code of Criminal Procedure affords even greater protection for defendants than does the Sixth Amendment, permitting trial to proceed to its conclusion "when the

defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury[.]" TEX. CODE CRIM. PROC. ANN. art. 33.03.; *Tracy v. State*, 14 S.W.3d 820, 826 (Tex. App.—Dallas 2000, pet. ref'd).

We review a trial court's denial of a motion for continuance for an abuse of discretion. *See Moore v. State*, 670 S.W.2d 259, 260-61 (Tex. Crim. App. 1984). Absent evidence to the contrary, we will uphold a trial court's determination that a defendant voluntarily absented himself from the proceedings. *See id.*

DISCUSSION

In support of his motion to continue the punishment phase of trial, counsel argued that Curlee's absence impeded his ability to provide a complete defense and mentioned that Curlee might be able to be physically present for the punishment phase in the near future. The trial court denied the motion for continuance on the ground that "[h]aving Mr. Curlee self-harm is, I believe, an action to absent himself from the trial itself."

Here, the record reflects that Curlee was physically present for voir dire and the entire guilt-innocence phase of trial. Several courts have determined that a defendant may be considered voluntarily absent from trial when he is not present in the courtroom because he has chosen to attempt suicide. *See,*

*e.g., Smith v. State*, 494 S.W.3d 243, 251-54 (Tex. App.—Texarkana 2015, no pet.); *Trotti v. State*, 692 S.W.3d 679, 686 (Tex. App.—Houston [14th Dist.] 2023, pet. ref'd); *Bottom v. State*, 860 S.W.2d 266, 267 (Tex. App.—Fort Worth 1993, no pet.); *Johnson v. State*, Nos. 01-19-00602-CR, 10-19-00603-CR, 2020 WL 6065535, at *9 (Tex. App.—Houston [1st Dist.] Oct. 15, 2020, pet. ref'd) (mem. op., not designated for publication). It is uncontested that Curlee's absence from the punishment phase was due to hospitalization from attempted suicide by a self-inflicted gunshot wound after the guilty verdicts. Curlee offered no evidence at trial – and he does not identify any evidence on appeal – indicating that his absence from the punishment phase was anything other than voluntary. We conclude that the trial court did not abuse its discretion in denying Curlee's motion for continuance and proceeding with the punishment phase of trial.

Accordingly, we overrule Curlee's third issue.

### Court Costs

When multiple cases are tried together, the trial court may assess each court cost or fee only once. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a); *Hurlburt v. State*, 506 S.W.3d 199, 203-04 (Tex. App.—Waco 2016, no pet.). In his fourth issue, Curlee contends that the trial court erred in assessing court costs in the amount of $290.00 in both judgments, violating Texas Code of

Criminal Procedure article 102.073(a). *See id.* The State agrees that the judgments should be reformed to reflect a single assessment of court costs.

Despite the parties' agreement, our review of the judgments reveals that the trial court assessed court costs in the amount of $290.00 only in the judgment for trial court cause number 29142. The judgment for trial court cause number 29144 lists the amount of assessed court costs at $0.00. This is also consistent with the trial court's statements when Curlee was sentenced.

Accordingly, we overrule Curlee's fourth issue.

## Conclusion

Having overruled all of Curlee's issues on appeal, we affirm the judgments of the trial court in each case.

_____
STEVE SMITH
Justice

OPINION DELIVERED and FILED: July 17, 2025

Before Chief Justice Johnson,
  Justice Smith, and
  Justice Harris
Affirmed
Do not publish
CRPM

